UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZOEY ELIZABETH OLMSTEAD, PETER JAMES McGOVERN, and ELIZABETH ANN McGOVERN,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL WASHINGTON UNIVERSITY,<br><br>Defendant. | NO: 1:16-CV-3018-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 5). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

This case arises out of the injury of Plaintiff Zoey Elizabeth Olmstead, a former student athlete at Central Washington University, which she incurred during a training incident in January 2013. Olmstead commenced this action in

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 1

Kittitas County Superior Court.  ECF No. 1-2 at 4-16.  In the First Amended Complaint, filed on January 8, 2016, Olmstead, along with her parents, asserted five causes of action under state law, including claims for negligent failure to train and supervise and gender discrimination under Washington's Law Against Discrimination ("WLAD"), and added a federal cause of action alleging gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Civil Rights Act, 42 U.S.C. § 1983.  *Id.* at 20-41.  Defendant subsequently removed the case to this Court pursuant to this Court's original jurisdiction under 28 U.S.C. § 1331, 1343, and its supplemental jurisdiction under 28 U.S.C. § 1367.  ECF No. 1.

In the instant motion, Plaintiffs move the Court to decline to exercise its supplemental jurisdiction over the five state law causes of action within the First Amended Complaint, stay the sole remaining federal cause of action, and direct Defendant to pay the costs and expenses incurred as a result of removal, which allegedly had no objectively reasonable basis.  ECF No. 5.

//

//

//

//

//

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 2

# FACTS[1]

Olmstead was a member of Central Washington University's women's soccer team. In January 2013, Graduate Assistant Coach Elizabeth Barth instituted a new strength and conditioning regimen into the team's workouts. On January 10, 2013, Barth directed the team to do a CrossFit-inspired workout which involved the following: a one-mile run, 100 pull-ups, 200 push-ups, 300 air squats, and another one-mile run. Olmstead experienced some aches and pains while performing this workout and, once she returned home, experienced increased pain and swelling in her arms. Ultimately, Olmstead reported to the emergency room and was diagnosed with acute rhabdomyolysis, a breakdown of muscle tissue that is accompanied by the release of muscle cell contents into the bloodstream. Olmstead faults her injury on Central's failure to provide an adequate number of coaches for its women's intercollegiate sports programs, including and in particular for its women's soccer team, and its reliance on untrained and unsupervised graduate assistant coaches.[2]

---

[1] The following facts are drawn from Plaintiffs' First Amended Complaint. ECF No. 1-2 at 20-41.

[2] Plaintiffs' First Amended Complaint also alleges that Central's women's soccer team was exposed to unhealthy air quality conditions in 2012 when they trained

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 3

## DISCUSSION

**A. Request for Remand**

Pursuant to the federal supplemental jurisdiction statute, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares 'a common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).[3]

A court *may*, in its discretion, decline to exercise its supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are

---

and competed outside; Central's football and men's cross country teams were not exposed to the unhealthy conditions.

[3] The parties do not dispute that this Court has original jurisdiction over Plaintiffs' sixth cause of action.

other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (highlighting the discretionary "may" under section 1367(c)). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal quotation marks omitted); *see United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Here, Plaintiffs assert that (1) their state law causes of action do not all share "a common nucleus of operative fact" with their federal cause of action, albeit, while conceding that their state and federal gender discrimination causes of action share a common nucleus of facts and seek similar relief; and (2) their state law claims substantially predominate over the federal discrimination claims and present novel issues of state law. ECF Nos. 5; 10.

First, as an initial matter, this Court finds it has federal supplemental jurisdiction over Plaintiffs' state law claims as Plaintiffs' state and federal law claims share "a common nucleus of operative fact" such that a plaintiff would be expected to try them in one judicial proceeding. *Bahrampour*, 356 F.3d at 978. Plaintiffs' opening brief appears to concede as much:

> To the limited extent [Plaintiffs] made claims under federal law, they rely on the same alleged facts as they must show in state court to prevail on the state gender discrimination claims. Even the equitable remedies Plaintiffs seek on the federal claims are virtually identical to

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 5

> the remedies they seek on their state law claims for gender discrimination.
>
> Many of the alleged facts also must be established for Plaintiffs to recover damages. . . . Plaintiffs suggest the factual determinations and the resolution of issues on state law claims likely will direct this Court's resolution of the federal claims.

ECF No. 5 at 7.  Indeed, the federal cause of action within Plaintiffs' First Amended Complaint expressly cites to the factual allegations contained in paragraphs 3.93 through 3.114, which touch on the deficiencies of the women's soccer team's coaching staff and the resulting injury Olmstead suffered.  *See* ECF No. 1-2 at 40.  Considering this factual overlap, Plaintiffs' state and federal claims should be tried in one judicial proceeding.  *See Gibbs*, 383 U.S. at 725.  Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

Second, this Court will not decline to exercise its supplemental jurisdiction.  Even assuming Plaintiffs' state law claims substantially predominate or otherwise present one or more novel issues of state law,[4] this Court, in its discretion, finds considerations of judicial economy, convenience, and fairness militate against

---

[4] Assuming this case presents an issue of state law that has not been clearly determined, this Court "may certify to the [Washington Supreme Court] for answer the question of local law involved."  *See* RCW 2.60.020.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 6

remanding the state law claims and in favor of retaining jurisdiction over the sole federal cause of action. *See Acri*, 114 F.3d at 1001. It is clearly more convenient and economical for the federal and state law claims to be litigated in one suit, especially given the significant factual overlap and similarity of issues raised. *See Kohler v. Rednap, Inc.*, 794 F.Supp.2d 1091, 1096 (C.D. Cal. 2011) (holding that even if state law claims predominate, the court would not decline to exercise supplemental jurisdiction in light of the *Gibbs* values of economy, convenience, fairness, and comity); *Mincy v. Staff Leasing, L.P.*, 100 F.Supp.2d 1050, 1053 (D. Ariz. 2000) ("Federal courts are reluctant to remand state claims, once they obtain original jurisdiction based on federal question, where all the claims derive from the same set of facts."). Moreover, it would be unfair to force Defendant to defend itself in two separate, but largely redundant, suits, not to mention the unnecessary burden on the courts. *Delgado v. Orchard Supply Hardware Corp.*, 826 F.Supp.2d 1208, 1221 (E.D. Cal. 2011) ("If this court forced plaintiff to pursue his state law claims in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two court's resources."). Finally, this Court notes Plaintiffs' remand request—that this Court remand their state law claims, stay proceedings on the sole federal claim, and either dismiss the federal claim if the state court awards the equitable remedies they seek or address it on the merits if the state court's ruling is not in their favor,

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 7

1  *see* ECF No. 10 at 9—is a thinly-veiled attempt to get two bites at the apple, which

2  opportunity this Court declines to grant.

3      Accordingly, because this Court does not decline to exercise its

4  supplemental jurisdiction, Plaintiffs' request to remand and corresponding request

5  for fees incurred as a result of removal, *see* 28 U.S.C. § 1447(c), are **DENIED**.

6      **ACCORDINGLY, IT IS ORDERED:**

7      1. Plaintiffs' Motion for Remand (ECF No. 5) is **DENIED.**

8      2. The District Court Executive is directed to enter this Order and provide

9         copies to counsel.

10     **DATED** April 20, 2016



           THOMAS O. RICE
        Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO REMAND ~ 8